## Richmond

### KENNETH NELSON EUBANKS

v.

### COMMONWEALTH OF VIRGINIA

No. 2489-92-2

Decided June 28, 1994

COUNSEL

Norman Lamson, for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal from his conviction of leaving the scene of a motor vehicle accident involving personal injury to another, in violation of Code §§ 46.2-894 and 46.2-900, Kenneth Nelson Eubanks contends that the trial court erred in instructing the jury on the elements of Code § 46.2-894. We agree and reverse the judgment of the trial court.

On May 18, 1992, while driving on Route 20 south of Charlottesville, Eubanks's car struck the rear of David Thatcher's Blazer, causing the Blazer to run off the road and to come to rest upside-down in a deep ditch. Shortly thereafter, while on routine patrol, Officer Barbour arrived and helped Thatcher from his vehicle. The rescue squad took Thatcher to the hospital where doctors treated him for a broken collar bone, cuts, and bruises.

Shortly before arriving at the accident, Officer Barbour passed Eubanks's car, a "yellow older model vehicle," traveling at a "very low rate of speed." Barbour noticed that the car had extensive front end damage. The driver of the car made no attempt to get the officer's help. Shortly thereafter, Barbour found Thatcher's vehicle in the ditch. Thatcher told Barbour that a man driving a yellow car had hit his vehicle.

Lawrence and Todd Richardson, members of the Scottsville Volunteer Fire Department, received notification of an automobile accident on Route 20 South. En route to the scene, they noticed a vehicle, with "steam coming from the engine compartment," parked at a country store 1.9 miles south of the accident. They stopped and Todd Richardson asked Eubanks, who apparently owned the car, if it had been involved in an accident. Eubanks said that he had been in an accident on Route 20. When Richardson asked if he had reported the accident to the police, Eubanks said that he had not, but that he had a wrecker on the way. Lawrence Richardson, trying to prepare an incident report, asked Eubanks where the accident had happened. Eubanks answered that he had hit a bank on the side of Route 20, north of the store. He mentioned no other vehicle.

Officer Anderson then arrived at the country store. Eubanks told Anderson that he had been involved in an accident on Route 20 and that he had driven to the store to use the telephone. He said that he had called the police but the dispatcher told him the accident had already been reported. Anderson took Eubanks back to the scene of the accident. There, Eubanks told Officer Barbour that "he was driving along and he was hit by a white truck." After Barbour advised him of his *Miranda* rights, Eubanks said "he was traveling along and . . . he said he did remember hitting the truck, he was not sure how it went off the road, and that he drove to the store to call for help."

The driveway of a house enters Route 20 just north of the accident scene. Several homes are located along the 1.9 mile stretch of road from the accident scene to the country store where Eubanks stopped. The shoulder of Route 20 at the accident scene is wide enough to park a car without obstructing traffic.

Allison Shotwell, the communications officer responsible for answering emergency telephone calls and police dispatches, testified that she received a report of the accident from Officer Barbour. He initially reported debris on the road and an overturned vehicle and later reported sighting a yellow vehicle with front end damage. Ms. Shotwell testified that because she was tracking this accident, she would have been told of all calls relating to it. Other than one phone call from a woman, she received no other calls in reference to this accident. Deborah Parker, the 911 dispatch records custodian, testified that the records showed that Officer Barbour reported the accident, but Eubanks made no call.

Eubanks testified that his vehicle slid into the back of Thatcher's vehicle and knocked it off the side of the road. He said that he drove to the nearest pay phone, at the country store, to call 911. He said that when he arrived at the country store, Todd Richardson stopped him before he could use the telephone, told him that the accident had already been reported, and told him not to call the police. He also testified that while he spoke to Richardson, a police car drove by. He said that he tried to get the officer's attention, but the officer did not stop. Eubanks admitted that he only called a wrecker for his car. He said that he knew Thatcher might be hurt, but he did not stop because he could not help him. Rather, he went to the store for help.

The trial court gave jury instruction 6, which stated, in pertinent part:

The Commonwealth must prove beyond a reasonable doubt each of the elements of [the crime of leaving the scene of an accident causing personal injury to another]:

(4) That the defendant failed to do any one or more of the following:

    (a) stop immediately as close to the scene of the accident as possible without obstructing traffic; or

    (b) give his name, address, driver's license number and the registration number of his vehicle to the person injured if such person appears capable of understanding and retaining the information, or to the driver or some occupant of the vehicle collided with; or

    (c) render all reasonably necessary assistance to any person injured in the accident; or

    (d) report forthwith to the police his name, address, driver's license number and the registration number of his vehicle.

Eubanks contends that the foregoing paragraph of instruction 6 erroneously stated the requirements of Code § 46.2-894 by charging that he should be found guilty if he failed to do one or more of (a) through (d). In other words, he should be found guilty unless he satisfied (a), (b), (c), and (d) of paragraph four. We agree.

█ Code § 46.2-894 states, in pertinent part:

The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle . . . is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic and report his name, address, driver's license number, and vehicle number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the infor-

mation, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

Code § 46.2-894 requires the involved driver, after stopping as required, (1) to report the required information to a law enforcement agency, or (2) to report that information to the person struck, or (3) to report that information to the driver or some other occupant. These requirements are set forth in sequence, separated by commas, and expressed disjunctively. Satisfaction of any one of these requirements satisfies the statute. Subparagraph (b) and subparagraph (d) of paragraph (4) of instruction 6 combined these requirements and expressed them conjunctively, requiring satisfaction of all three. Thus, the instruction misinformed the jury as to the elements of the offense on trial.

It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is the one of the "essentials of a fair trial."

*Campbell v. Commonwealth*, 14 Va. App. 988, 995, 421 S.E.2d 652, 656 (1992).

■ The Commonwealth argues that any error in instruction 6 was harmless when viewed in the light of the evidence in the case. We recognize that "[w]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." *Kil v. Commonwealth*, 12 Va. App. 802, 812, 407 S.E.2d 674, 680 (1991). The evidence supports the finding that Eubanks failed to stop as required by the statute, failed to give assistance to David Thatcher, and never initiated a report to any law enforcement agency. On the other hand, Eubanks explained his conduct, saying that he believed that he lacked the capability of providing effective assistance and thought it best to go for help, believing the country store to be the best place to go. We cannot say that, upon proper instruction, the jury could not have found in this explanation sufficient evidence of justification

or excuse to acquit Eubanks of criminal responsibility.

For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Cole, S.J., concurred.