COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


AARON GRUSS

                                                    MEMORANDUM OPINION*
v.        Record No. 2649-04-2                          PER CURIAM
                                                    SEPTEMBER 6, 2005
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              L. A. Harris, Jr., Judge

            (David R. Lett, on brief), for appellant.  Appellant submitting on
            brief.

            (Judith Williams Jagdmann, Attorney General; Alice T. Armstrong,
            Assistant Attorney General, on brief), for appellee.  Appellee
            submitting on brief.


        The trial judge convicted Aaron Gruss of the felony of failure to give information at the

scene of an accident in violation of Code § 46.2-894.  Gruss contends the evidence was insufficient

to support his conviction because the information he gave satisfied the statutory requirements.  We

disagree and affirm the conviction.

                                              I.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  Applying this principle, the

evidence proved Aaron Gruss was driving a van that struck a car at an intersection.  The driver of

the car was injured.  When Officers Blakey and Ronson arrived at the accident, paramedics were

assisting the injured driver.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As Officer Ronson aided the paramedics, Officer Blakey approached Gruss, who appeared to be upset and was pacing. Officer Blakey asked for identification, asked Gruss whether he was hurt, and inquired about the circumstances of the accident. Gruss described the collision and said he had no identification. Officer Blakey testified that Gruss's lack of identification "put up a red flag" but that he did not then ask Gruss's name. Instead, he obtained Gruss's social security number, his telephone number, and the telephone number of the owner of the van. Officer Blakey told Gruss to stay beside the van until he returned, and he went to another officer who was moving traffic at the intersection.

Officer Ronson testified that he asked Gruss about insurance and that Gruss indicated he would make a telephone call at a nearby business to get insurance information. A few minutes later, Officer Ronson asked Officer Blakey about Gruss. The officers looked for Gruss but could not locate him. After driving around the area, and not seeing Gruss, they returned to the accident site and remained there until the vehicles were towed. Gruss never returned.

Later that day, Officer Gordon called the number Gruss had given to Officer Blakey, and he left a telephone message for Gruss "to call . . . ASAP in regards to the crash." Gruss did not return the call. Officer Gordon processed the social security number through the records of the Department of Motor Vehicles and retrieved a name and address. He went to that address but did not locate Gruss. Later, he processed a "name check" and got another address for Gruss. Officer Gordon left a business card at that address and a message, advising Gruss to call him "immediately" about the accident. When Gruss failed to contact Officer Gordon, Officer Gordon obtained an arrest warrant and returned to the address a few days later. He found Gruss sitting on the front steps, and he arrested Gruss.

After the arrest, Gruss said he had returned to the accident scene and sat in a friend's car near the intersection. He told Officer Gordon he should have returned to speak to the officers but "was very scared." He also said he intended to return Officer Gordon's call that evening.

The trial judge found that Gruss failed to give the officers his name and address at the scene of the accident. He also found that Gruss left the accident site, despite being told to remain, before the officers completed their investigation. He convicted Gruss of leaving the accident scene without giving the statutorily required information.

## II.

Code § 46.2-894 provides, in part, as follows:

> The driver of any vehicle involved in an accident in which a person is killed or injured . . . shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in [Code] § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

In other words, when a person is injured, "Code § 46.2-894 requires the involved driver [to stop and then] (1) to report the required information to a law enforcement agency, or (2) to report that information to the person struck, or (3) to report that information to the driver or some other occupant." Eubanks v. Commonwealth, 18 Va. App. 537, 541, 445 S.E.2d 706, 708 (1994).

The evidence proved that although Gruss stopped at the scene of the accident, he failed to give the officers all of the information required by statute, including his name. He left the accident scene after the officer told him to remain there and before the officers completed their investigation. Moreover, he later failed to return telephone calls from the investigating officer. The trial judge, acting as fact finder, believed this evidence and rejected Gruss's statements to Officer Gordon as an excuse for failing to give the information. "The credibility of the witnesses

and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

From this evidence, the trial judge specifically found that Gruss failed to provide the officers with the required information enumerated in Code § 46.2-894 and thereby violated the statute. We hold that the record supports the findings and that the evidence was sufficient to prove beyond a reasonable doubt the elements of the charged offense.

For these reasons, we affirm the conviction.

Affirmed.