COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


TIMOTHY JERMAN
                                        OPINION BY
v.   Record No. 1183-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                     FEBRUARY 13, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Jonathan C. Thacher, Judge

          John A. Keats for appellant.

          Robert H. Anderson, III, Senior Assistant
          Attorney General (Mark L. Earley, Attorney
          General, on brief), for appellee.


     Timothy Jerman (appellant) was convicted in a jury trial of

second-degree murder and abduction.  On appeal, he contends the

jury should have been instructed that parole in Virginia has been

abolished.  We agree, reverse his sentence and remand to the trial

court for a new sentencing hearing.

                              I.

     On November 17, 1999, appellant was convicted of the

second-degree murder and abduction of Justin Radigan.  The jury

was then instructed regarding the penalty phase.  Appellant did

not request an instruction on the abolition of parole.  During the

course of deliberations the jury posed two questions.  The first

inquired "At what point in a sentence will the defendant be

subject to parole?  In other words, what are the parameters for parole eligibility?"  The trial court, Commonwealth's attorney, and defense counsel agreed that the jury should be instructed, "You have found the Defendant guilty of murder in the second degree and abduction.  You should impose such punishment as you feel is just upon the evidence and within the instructions of the Court.  You are not to concern yourselves with what may happen afterwards."  This instruction accurately reflected the law as of the date of trial.  After further deliberations, the jury imposed a sentence of five years on the second-degree murder charge and ten years on the abduction charge.  On February 9, 2000, the trial judge imposed the sentence recommended by the jury.  On February 11, 2000, appellant filed a motion to set aside the verdict and requested a new sentencing hearing because the jury should have been instructed that parole had been abolished.  On February 22, 2000, the trial court denied appellant's motion. Appellant appeals from this denial.

## II.

On June 9, 2000, while appellant's case was pending before this Court, the Supreme Court of Virginia decided Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), which overruled Coward v. Commonwealth, 164 Va. 639, 178 S.E. 797 (1935).  The Court held that "juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995 pursuant to Code

-

§ 53.1-165.1." Fishback, 260 Va. at 115-16, 532 S.E.2d at 634. "[B]ecause this is a new rule of criminal procedure it is limited prospectively to those cases not yet final on this date." Id. at 116, 532 S.E.2d at 634 (emphasis added). Cases pending before this Court on June 9, 2000 are governed by Fishback because they are not yet final. See Hartigan v. Commonwealth, 32 Va. App. 873, 531 S.E. 2d 63 (2000).

Although appellant's case was pending in this Court with the parole instruction delineated as a grant for appeal on June 9, 2000, the Commonwealth contends that appellant waived his right to raise this issue because he did not object to the instructions given to the jury and did not raise the issue until two days after the trial judge imposed the jury's sentence. The Commonwealth relies upon the Supreme Court's discussion of Fishback's proposed jury instructions to support its argument. We find no merit to this argument. We note that Fishback's proposed instruction was an improper statement of the law and, thus, unless the principle of law was "materially vital to [the] defendant" it was not reversible error for the trial court to have refused to correct the defective instruction and give it in proper form. Atkins v. Commonwealth, 257 Va. 160, 178, 510 S.E.2d 445, 456 (1999). However, although the Court found that the "jury's knowledge of the abolition of parole was materially vital" to Fishback's case, the Court did not hold that the trial judge erred in failing to correct the defective statement;

-

rather, the Court stated that the "deficiencies in [Fishback's] proffered instructions . . . do not bar our consideration of the issue."  Fishback, 260 Va. at 117, 532 S.E.2d at 635.  Thus, the Court did not rely upon Fishback's proposed jury instruction as a basis for preserving his right to appeal the issue.  The Court focused upon the trial court's responsibility to instruct the jury, holding that "'[i]t belongs to the [trial] court to instruct the jury as to the law, whenever they require instruction, or either of the parties request it to be given.'"  Id. at 117, 532 S.E.2d at 635 (quoting Thornton v. Commonwealth, 65 Va. (24 Gratt.) 657, 662 (1874) (emphasis added)).  This duty arises even though appellant failed to object to the instruction at the sentencing hearing.  See Campbell v. Commonwealth, 14 Va. App. 988, 991, 421 S.E.2d 652, 654 (1992).  Therefore, appellant did not waive his right to raise this issue when he failed to object to the instruction given to the jury.

The facts of this case are similar to Fishback.  In Fishback, the appellant proffered two jury instructions, one stating that "there is no parole in Virginia" and the other stating that the jury "assume that [the defendant] will actually serve all of the jail or prison time you find to be an appropriate sentence and you are not otherwise to concern yourselves with what may happen afterwards."  Id. at 109, 532 S.E.2d at 630.  The trial court rejected both instructions.  During deliberations the jury inquired of the court, "Can he qualify for parole[?]"  The trial

-

court instructed the jury, "[h]aving found [Fishback] guilty, you should impose such punishment as you feel is just under the evidence and within the instructions of the Court.  You are not to concern yourselves with what may happen afterwards."  Id. at 110, 532 S.E.2d at 631.  Fishback's attorney "did not object to this instruction or renew her request that the trial court instruct the jury that parole had been abolished."  Id.

In this case, the question propounded by the jury and the response given by the court without objection from appellant are factually similar to those in Fishback.  The sole difference is that appellant, in the instant case, did not request an instruction regarding the abolition of parole until post-trial motions.[1]  However, appellant's failure to request an instruction does not end our analysis.  Fishback clearly states that any case "not yet final," i.e., still in the breast of a proper trial court or appellate process, is subject to the new instruction requirements.  Id. at 116, 532 S.E.2d at 634.  The jury inquired of the court, "At what point in a sentence will the defendant be subjected to parole?  In other words, what are the parameters for parole eligibility?"  This question clearly indicated to the trial court that the jury assumed that parole would be available to appellant.  This is the precise instance the Supreme Court

---

[1] As previously indicated, Fishback's proposed jury instruction regarding the abolition of parole was not significant to the Court's decision in Fishback.

-

addressed by stating that the jury required instruction from the court as to the "new rule" of law in pending cases.  The trial court's response in this case failed to fulfill the requirement of Fishback because it left the jury with the belief that parole would be available.  Even though appellant failed to object or raise the issue during trial, the trial court had an affirmative duty to properly instruct the jury about the matter because they evidenced a need for instruction by posing the question to the court.  Id.; see also Campbell v. Commonwealth, 14 Va. App. 988, 991, 421 S.E.2d 652, 654 (1992).  Thus, this case is clearly within the time frame and class of cases contemplated by the Supreme Court in its strictures for addressing the parole eligibility question.  Appellant's case was "not yet final" and the "new rule" is applicable.  Accordingly, appellant's sentence will be vacated and the case remanded to the trial court for a new sentencing hearing.

                                    Reversed and remanded.