COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


DARROW EUGENE HERBERT
                                  MEMORANDUM OPINION[*] BY
v.    Record No. 0888-00-4        JUDGE LARRY G. ELDER
                                      APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Frank A. Hoss, Jr., Judge

          Michael F. Devine (James C. Love, IV;
          Devine & Connell, on briefs), for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Darrow Eugene Herbert (appellant) was convicted in a jury

trial for attempted capital murder of a police officer, use of a

firearm in the commission of attempted capital murder, and

possession of a firearm by a convicted felon.  On appeal, he

contends the trial court committed reversible error in the guilt

phase of the trial by erroneously instructing the jury on the

elements of attempted capital murder, necessitating reversal of

that conviction and his conviction for the concomitant use of a

firearm.  He also contends the trial court erred in the

sentencing phase of the trial by erroneously instructing the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

jury, in response to its specific question regarding whether appellant would be eligible for parole, that the jury should "not []concern [itself] with what may happen after[]" sentencing.

We hold that the omission of material elements of the offense from the attempted capital murder instruction was error which was not harmless.  We also hold that the trial court's failure in the sentencing phase to instruct the jury on the status of parole constituted reversible error.  Therefore, we reverse appellant's convictions for attempted capital murder and the concomitant use of a firearm and remand for a new trial on those offenses.  We also vacate appellant's sentence on the felon-in-possession conviction and remand for resentencing on that offense.

I.

A.

CAPITAL MURDER INSTRUCTION

Rule 5A:18 provides that no ruling of the trial court shall be reversed on appeal unless the party's objection to the ruling "was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "[T]he ends of justice exception is narrow and is to be used sparingly."  Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  However,

-

> "[W]hen a principle of law is vital to a
> defendant in a criminal case, a trial court
> has an affirmative duty properly to instruct
> a jury about the matter[,]" . . . even when
> "trial counsel neglected to object to the
> instruction.'"  Obviously, the proper
> description of the elements of the offenses
> is vital to a defendant.  Attaining the
> "ends of justice" requires correction of an
> instruction which allows a jury to convict a
> defendant without proof of an element of a
> crime.

Campbell v. Commonwealth, 14 Va. App. 988, 991-92, 421 S.E.2d

652, 654 (1992) (en banc) (quoting Jimenez v. Commonwealth, 241

Va. 244, 248, 250, 402 S.E.2d 678, 679, 681 (1991)).

Here, appellant concedes he failed to object

contemporaneously to the trial court's alleged omission from the

instructions of two elements, (1) the existence of specific

intent to commit capital murder and (2) the commission of an

overt act toward that murder.  However, he contends the trial

court had an affirmative duty to instruct on these principles

because they were elements of the crime and, as such, were vital

to his defense.[1]  Thus the issue of preservation for appeal is

---

[1] Appellant also assigns error to the confusing nature of
Instruction three in general and to the trial court's failure to
give instructions defining the terms "attempted" and "willful,
deliberate and premeditated."  Appellant proffered no
instructions defining these terms and posed no contemporaneous
objection to the trial court's failure to instruct the jury on
their meaning.  Insofar as these claimed errors relate to the
definitions of included terms and elements rather than the
omission of essential elements from the finding instructions,
the ends of justice exception does not apply and Rule 5A:18 bars
our consideration of these issues on appeal.  But see Goodson v.
Commonwealth, 22 Va. App. 61, 77, 467 S.E.2d 848, 856 (1996)
(holding that failure to define "attempt" as requiring proof of

-

inextricably linked with our consideration of the merits.  If the existence of specific intent and commission of an overt act were elements of the crime of attempted capital murder and the court failed properly to instruct the jury on them, this failure constituted error reviewable on appeal regardless of whether appellant contemporaneously objected to the failure.

A conviction for attempted capital murder requires proof of a specific intent to commit that offense.  See Goodson v. Commonwealth, 22 Va. App. 61, 72-75, 467 S.E.2d 848, 854-55 (1996).  Instruction three, the attempted capital murder finding instruction, did not use the term, "specific intent."  It required proof only that the attempted killing was willful, deliberate and premeditated.  We hold the language of Instruction six defining "[w]illful, deliberate and premeditated" as "a specific intent to kill" is insufficient to compensate for the absence of intent language from Instruction three.  Further, the specific intent to kill referenced in Instruction six is not the same as a specific intent to commit capital murder, the element omitted from Instruction three. Proof that appellant had the specific intent to commit capital murder required findings that the person he intended to kill was a law enforcement officer and that his intent existed for the

---

a specific intent and an overt act amounts to a failure to instruct on the essential elements of an offense, a non-waivable error).

-

purpose of interfering with the officer's official duties.  See Code § 18.2-31(6).  Thus, we hold the instructions did not sufficiently apprise the jury of the specific intent element of the offense of capital murder.

We conclude that omission of the "overt act" element of the offense of attempted capital murder also constituted error, as the Commonwealth concedes.  We addressed this issue in Goodson, 22 Va. App. at 77, 467 S.E.2d at 856, in which we held that an instruction requiring proof merely that the defendant "attempted to kill [victim]" failed properly to apprise the jury of the essential elements of the offense because it did not require proof of "'an overt but ineffectual act . . . in furtherance of the criminal purpose.'"  Id. (quoting Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (en banc)).  Thus, here, as in Goodson, the court's failure to instruct on the elements of an "attempt" constituted error.  In addition, because the error resulted from a failure to instruct on the essential elements of the offense, appellant's failure to object or proffer a proper instruction at trial does not bar our consideration of this issue on appeal.  See Campbell, 14 Va. App. at 991-92, 421 S.E.2d at 654; see also Jimenez, 241 Va. at 251, 402 S.E.2d at 681.

We also hold that these deficiencies in Instruction three were not harmless.

-

"'The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged.'" Allard v. Commonwealth, 24 Va. App. 57, 65, 480 S.E.2d 139, 143 (1997) (quoting United States v. Gaudin, 515 U.S. 506, 522-23, 115 S. Ct. 2310, 2320, 132 L. Ed. 2d 444 (1995)). However, an error in instructing the jury does not require reversal if the error was harmless. Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991). Thus, as with all forms of constitutional error, "'[w]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed.'" Id. at 812, 407 S.E.2d at 680 (quoting Rose v. Clark, 478 U.S. 570, 579, 106 S. Ct. 3101, 3106, 92 L. Ed. 2d 460 (1986)).

Constitutional error does not affect a verdict and, therefore, is harmless beyond a reasonable doubt "if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). Where an instruction omits an essential element of an offense and no evidence is introduced to prove that element, the error is not harmless. Jimenez, 241 Va. at 251, 402 S.E.2d at 681 (characterizing defendant's conviction under these circumstances

-

as one for "a non-offense"); <u>Kil</u>, 12 Va. App. at 812, 407 S.E.2d at 680.  Similarly, where the evidence on the omitted element is disputed and the record does not indicate whether or how the jury resolved the dispute, the error also is not harmless. <u>Eubanks v. Commonwealth</u>, 18 Va. App. 537, 541-42, 445 S.E.2d 706, 708-09 (1994).

We are unable to conclude the errors in this case were harmless beyond a reasonable doubt because the evidence on the omitted elements was disputed, and we cannot say the jury resolved these disputes in the Commonwealth's favor.  Appellant claimed he did not intend to harm Lieutenant Bamford, that he displayed his weapon only for the purpose of discarding it, and that he did so before he even saw Bamford approaching.  Bamford, by contrast, said appellant engaged in furtive and evasive behavior, reaching into his waistband and attempting to hide behind a lamp post, after the face-to-face encounter began. Bamford said the encounter culminated in appellant's "going for [his] gun," which prompted Bamford to draw his own weapon and fire.

The Commonwealth claims appellant's conviction for the related offense of using a firearm in the commission of attempted capital murder indicates the jury resolved these evidentiary disputes against appellant, rendering the errors in the attempted capital murder instruction harmless.  However, we find it just as likely that the deficiencies in the attempted

-

capital murder instruction similarly infected the verdict on the concomitant firearm offense. Due to the deficiencies in the attempted capital murder instruction, the jury could have found appellant guilty of that offense without making findings on the missing elements and then convicted appellant of the related firearm charge simply because he displayed a weapon during the commission of the underlying non-offense. Thus, we cannot conclude beyond a reasonable doubt that the errors in Instruction three were harmless.

For these reasons, we reverse appellant's convictions for attempted capital murder and the concomitant use of a firearm and remand for a new trial if the Commonwealth be so advised.

B.

PAROLE QUESTION AND RESULTING INSTRUCTION

Appellant concedes he posed no contemporaneous objection to the trial court's response to the jury's question on parole eligibility but contends nevertheless that this issue is properly before us on appeal and requires a remand for resentencing. The Commonwealth concedes that the holdings in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), and Jerman v. Commonwealth, 34 Va. App. 323, 541 S.E.2d 307 (2001), dictate this result, and we agree.

The decision in Fishback provides that a jury's knowledge of the abolition of parole is materially vital to a defendant at least in those cases in which the jury specifically inquires

-

about its impact.  <u>Jerman</u>, 34 Va. App. at 326-28, 541 S.E.2d at 308-09.  When a jury inquires about parole, the trial court has an affirmative duty to instruct the jury on the status of the law in Virginia as it applies to that specific defendant, and its failure to do so is error.  <u>Id.</u>  Thus, appellant's failure to proffer an instruction on the subject or to object to the court's deficient response does not prevent our consideration of the issue on appeal, and we vacate the jury's sentence and remand for resentencing in accordance with <u>Fishback</u>.

II.

For these reasons, we reverse appellant's convictions for attempted capital murder and the concomitant use of a firearm and remand for a new trial if the Commonwealth be so advised. We affirm the conviction for the offense of possessing a firearm after having been convicted of a felony, vacate the sentence, and remand for resentencing on that offense.

<u>Affirmed in part,</u>
<u>reversed in part</u>
<u>and remanded.</u>