COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


ARTHUR CLEMENTS BROOKS, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0366-00-2        JUDGE JEAN HARRISON CLEMENTS
                                          MAY 15, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ORANGE COUNTY
                     Lloyd C. Sullenberger, Judge

            John R. Maus for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Arthur Clements Brooks, Jr., was convicted in a jury trial of

twenty counts of object sexual penetration of a minor in violation

of Code § 18.2-67.2 and in a bench trial of failure to appear in

court, a felony, in violation of Code § 19.2-128. On appeal, he

contends the trial court erred (1) in failing to instruct the jury

during the sentencing phase of the trial that parole in Virginia

has been abolished[1] and (2) in sentencing him for failure to

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Brooks further asserts that the trial court erred in the
guilt phase of the trial when it failed to instruct the jury on
the legal consequences of their inability to agree on a verdict
in response to the jury's question, "We would like to be
informed about what happens if we are unable to come to a
decision. Will he be retried or released?" We do not address
this argument because we conclude that the issue of whether a

appear when he was never tried or convicted for that violation. After examining the record, we conclude that, although the trial court did err in failing to instruct the jury that parole has been abolished in Virginia, that error was harmless. We further find appellate review of Brooks's conviction for failure to appear procedurally barred. Therefore, we affirm Brooks's sentence and his convictions.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

A. JURY INSTRUCTION ON ABOLIITON OF PAROLE

During the penalty phase of its deliberation, the jury asked the trial court, "If a term is specified, how much time is actually served?" Upon agreement of counsel, the trial court responded to the jury's question as follows:

> You should impose such punishment as you feel
> is just under the evidence and within the
> instructions of the court. You are not to
> concern yourselves with what may happen
> afterward. I ask that you take that to add
> to the instructions that you will consider
> and return to your jury room to deliberate.

The jury subsequently imposed five-year sentences on each of the twenty sexual penetration convictions.

---

jury instruction on the abolition of parole should have been given pursuant to Fishback v. Commonwealth, 260 Va. 104 532 S.E.2d 629 (2000), is the only one for which an appeal was granted.

-

Brooks concedes he posed no contemporaneous objection to and, indeed, concurred in the trial court's response to the jury's question. He contends, however, that the holdings in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), and Jerman v. Commonwealth, 34 Va. App. 323, 541 S.E.2d 307 (2001), dictate that this case be remanded for resentencing.

We noted in Jerman that the Supreme Court's decision in Fishback, 260 Va. at 117, 432 S.E.2d at 635, provides that a jury's knowledge of the abolition of parole is materially vital to a defendant, at least in those cases in which the jury specifically inquires during the penalty-determination phase of the trial about the possible impact of parole. Jerman, 34 Va. App. at 326-28, 541 S.E.2d at 308-09. Thus, when a jury inquires about parole, the trial court has an affirmative duty to properly instruct the jury on the abolition of parole, if applicable, and the court's failure to do so is error, regardless of whether the defendant failed to object or raise the issue at trial. Id. Accordingly, neither Brooks's failure to object to the trial court's deficient response to the jury's question nor his concurrence in that response precludes our consideration of this issue on appeal. We conclude, therefore, that the trial court erred in failing to inform the jury about the abolition of parole in Virginia.

However, our inquiry does not end there.  We must decide whether the error requires us to vacate Brooks's sentence and remand for resentencing.

A non-constitutional error by the trial court is harmless if

> "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict.  An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding functions, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).  "Each case must . . . be analyzed individually to determine if an error has affected the verdict."  Id. at 1009, 407 S.E.2d at 913.

In this case, the jury returned verdicts of five years incarceration on each charge of object sexual penetration of a minor, the minimum sentence provided by statute.  See Code § 18.2-67.2.  We can conclude, therefore, without usurping the jury's fact-finding function, that, had the jury been properly instructed on the abolition of parole in Virginia, the penalty verdict would have been the same.  Accordingly, the error was harmless and we affirm appellant's sentence.

B.  CONVICTION FOR FAILURE TO APPEAR IN COURT

Brooks contends that the trial transcript from December 3, 1999, shows that he was not tried or convicted on the charge of failure to appear.  Brooks acknowledges that he was indicted and

-

arraigned on this charge and that evidence was presented to the trial court on this charge. Moreover, the adjudication order entered December 6, 1999, recited that the trial court heard evidence and argument on the charge and found Brooks guilty of failure to appear. Brooks concedes he never objected to the order or to his sentencing on this charge before the trial court. He asserts, however, that his conviction should be reversed to attain the ends of justice.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor <u>at the time of the ruling</u>." (Emphasis added.) Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." <u>Marshall v. Commonwealth</u>, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). Nor will we "consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988) (citation omitted).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

<u>Weidman v. Babcock</u>, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

-

We hold, therefore, that, because it was never presented to the trial court, the argument Brooks makes before us on appeal is procedurally barred by Rule 5A:18.  Furthermore, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm appellant's sentence and convictions.

<u>Affirmed.</u>