PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 010883    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    January 11, 2002
TIMOTHY JERMAN

                FROM THE COURT OF APPEALS OF VIRGINIA


    In this appeal, we consider whether the Court of Appeals erred when it reversed and vacated a defendant's sentence on the ground that the circuit court did not instruct the jury on the abolition of parole pursuant to Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).

    Timothy Jerman was indicted for murder, in violation of Code §§ 18.2-32 and -40, and for abduction, in violation of Code § 18.2-47.  He was convicted in the Circuit Court of Fairfax County of second degree murder and abduction.  During the penalty phase of the trial, Jerman did not request a jury instruction on the abolition of parole.  The jury submitted two questions to the court during its sentencing deliberations:

        At what point in a sentence will the defendant be
        subject to parole?  In other words, what are the
        parameters for parole eligibility?

        Will the sentences for the two counts be served
        concurrently?  And whose decision is it?

By agreement of the court, the Commonwealth's attorney, and counsel for Jerman, the court submitted the following answer to the jury:

>You have found the defendant guilty of murder in the second degree and abduction. You should impose such punishment as you feel is just under the evidence and within the instructions of the Court. You are not to concern yourselves with what might happen afterwards.

This instruction accurately stated the law in effect on the date of trial. The jury fixed Jerman's punishment at five years' imprisonment for second degree murder and at ten years' imprisonment for abduction.

At the sentencing hearing, Jerman's counsel did not argue that the circuit court failed to respond properly to the jury's questions. Instead, counsel asserted that the jury's concern whether Jerman would be eligible for parole prejudiced its sentencing deliberations. Counsel contended that the jury's questions demonstrated "clearly that the jury thought or felt that [Jerman] was deserving of much less than the maximum sentences in this case and deserving of less than the 15 years because they assumed parole." The circuit court sentenced Jerman in accordance with the jury verdict to a total of 15 years' imprisonment.

Two days later, Jerman filed a motion to set aside the verdict on his abduction conviction. He noted that as of his trial date, the rule in Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 800 (1935), required that a jury not be informed of post-sentencing considerations that could affect the length of a sentence that a defendant serves. Jerman asked the

circuit court to apply the holding in Hartigan v. Commonwealth, 31 Va. App. 243, 522 S.E.2d 406 (1999), which was decided after his trial but before his sentencing.  In Hartigan, the Court of Appeals held that "when evidence of prior sentences may lead the jury to speculate that parole is still available to the defendant, a trial judge is required to instruct the jury that the defendant, if convicted, will be ineligible for parole." Id. at 258, 522 S.E.2d at 413.

In response to Jerman's motion, the Commonwealth argued, among other things, that Jerman waived his objection to the circuit court's instruction stating the rule in Coward because he agreed that the instruction should be given.  The circuit court denied Jerman's motion, concluding that Hartigan was inapplicable because Jerman did not have a prior criminal record and the Commonwealth did not make any statements concerning parole eligibility to the jury.

Jerman appealed from his abduction conviction to the Court of Appeals, which vacated his sentence and remanded the case to the circuit court for a new sentencing proceeding.  Jerman v. Commonwealth, 34 Va. App. 323, 328, 541 S.E.2d 307, 309 (2001). The Court of Appeals held that the circuit court erred in failing to instruct the jury on the abolition of parole in accordance with our decision in Fishback.  Id.

3

In *Fishback*, we held that juries shall be instructed on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995, and that this new rule of criminal procedure is limited to cases not yet final on June 9, 2000. 260 Va. at 115-16, 532 S.E.2d at 634. The Court of Appeals concluded that the decision in *Fishback* required that Jerman be awarded a new sentencing hearing on his abduction conviction because his appeal of that conviction was not yet final on June 9, 2000. 34 Va. App at 325-26, 328, 541 S.E.2d at 308-09.

In applying the decision in *Fishback*, the Court of Appeals reasoned:

> In this case, the question propounded by the jury and the response given by the court without objection from [Jerman] are factually similar to those in *Fishback*. The sole difference is that [Jerman], in the instant case, did not request an instruction regarding the abolition of parole until post-trial motions. However, [Jerman's] failure to request an instruction does not end our analysis. *Fishback* clearly states that any case "not yet final," i.e., still in the breast of a proper trial court or appellate process, is subject to the new instruction requirements. . . . [The jury's] question clearly indicated to the trial court that the jury assumed that parole would be available to [Jerman]. This is the precise instance the [Virginia] Supreme Court addressed by stating that the jury required instruction from the court as to the "new rule" of law in pending cases. The trial court's response in this case failed to fulfill the requirement of *Fishback* because it left the jury with the belief that parole would be available. Even though [Jerman] failed to object or raise the issue during trial, the trial court had an affirmative duty to properly instruct the jury about the matter because they evidenced a need for instruction by posing the question to the court.

4

34 Va. App. at 327-28, 541 S.E.2d at 308-09.  The Commonwealth appeals from the Court of Appeals' judgment.

The Commonwealth argues that Jerman's claim is procedurally barred under Rule 5:25 because he did not object to the answer that the circuit court gave to the jury in response to its question concerning parole.  The Commonwealth asserts that this Court generally has barred challenges on appeal to jury instructions when defendants have not timely objected to those instructions at trial.

In response, Jerman argues that the Court of Appeals correctly concluded that the rule in Fishback applied to his case because his appeal was "not yet final" when Fishback was decided on June 9, 2000.  He contends that his failure to raise a timely objection at trial did not procedurally bar appellate review of the instruction at issue because, at the time of his trial, the Coward rule was still in effect.  Jerman asserts that his motion to set aside the verdict properly preserved the issue because he made the motion after the Court of Appeals decided Hartigan, during the period in which the circuit court retained jurisdiction over his case.  We disagree with Jerman's arguments.

In Fishback, unlike the circumstances in the present case, the defendant asked the circuit court to instruct the jury on

5

the abolition of parole even though the rule in <u>Coward</u> was still in effect.  260 Va. at 109, 532 S.E.2d at 630.  Thus, the circuit court in <u>Fishback</u> had the opportunity to consider during trial whether to instruct the jury on the recent statutory changes concerning parole.  Although the instructions that the defendant proffered did not accurately reflect the statutory changes, we nevertheless concluded that the circuit court was required to correct the instructions and give them in their accurate form.  <u>Id.</u> at 117, 532 S.E.2d at 635.

This holding was based on an established principle that we explained in <u>Fishback</u>:

> We adhere to the rule that the trial court is not
> required to amend or correct an erroneous instruction,
> but the rule is subject to the limitation that when
> the principle of law is materially vital to a
> defendant in a criminal case, it is reversible error
> for the trial court to refuse a defective instruction
> instead of correcting it and giving it in the proper
> form.

<u>Id.</u> (quoting <u>Whaley v. Commonwealth</u>, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973)).

In contrast, a circuit court ordinarily does not have an affirmative duty to give a jury instruction on a particular legal principle when a criminal defendant fails to request that the jury be instructed on that principle.  We have regularly applied this rule in criminal cases.  For example, in <u>Cherrix v. Commonwealth</u>, 257 Va. 292, 310-11, 513 S.E.2d 642, 654, <u>cert.</u>

6

denied, 528 U.S. 873 (1999), we were presented with a jury instruction issue that arose in a procedural posture similar to that in the present case.  The defendant in Cherrix did not request a jury instruction concerning parole eligibility and, during its deliberations, the jury asked the court whether a life sentence would include the possibility of parole.  The defendant agreed that the circuit court should instruct the jury that it was "to have no concern with parole."  Id. at 311, 513 S.E.2d at 654.

We rejected the defendant's attempt to challenge on appeal the circuit court's response to the jury's question.  We stated that the defendant's failure to state a timely objection to the court's instruction or to offer an alternate instruction "precludes us from addressing the merits of [that] assignment of error."  257 Va. at 312, 513 S.E.2d at 654.

The consistent application of Rule 5:25 advances the Rule's purpose of avoiding unnecessary reversals and retrials.  See Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000); Buck v. Jordan, 256 Va. 535, 545-46, 508 S.E.2d 880, 885-86 (1998); Yarborough v. Commonwealth, 247 Va. 215, 221, 441 S.E.2d 342, 345 (1994).  We repeatedly have refused to consider challenges to jury instructions raised for the first time on appeal.  See, e.g., Lenz v. Commonwealth, 261 Va. 451, 467, 544 S.E.2d 299, 308, cert. denied, ___ U.S. ___, 122 S.Ct. 481

7

(2001); Breard v. Commonwealth, 248 Va. 68, 83, 445 S.E.2d 670, 679, cert. denied, 513 U.S. 971 (1994), Quesinberry v. Commonwealth, 241 Va. 364, 380, 402 S.E.2d 218, 228, cert. denied, 502 U.S. 834 (1991).  Thus, we hold that Jerman's failure to state a timely objection to the circuit court's instruction bars his present challenge to that instruction. Rule 5:25.

Our conclusion is not altered by the fact that the rule in Coward was still in effect on the date of Jerman's trial.  The perceived futility of an objection does not excuse a defendant's procedural default at trial.  See Engle v. Isaac, 456 U.S. 107, 130 (1982); Epperly v. Booker, 235 Va. 35, 44, 366 S.E.2d 62, 67 (1988).  Therefore, Jerman's counsel was required to state any objection to the circuit court's instruction and to ask the court for any other instruction on the subject that he deemed necessary.

Finally, we find no merit in Jerman's argument that a contrary result is required because the new rule in Fishback "is limited prospectively to those cases not yet final on this date."  260 Va. at 116, 532 S.E.2d at 634.  This directive provided only that the new rule will not be applied retroactively to cases already final on direct appeal, and did not impose any limitation on our application of Rule 5:25.  See Mueller v. Murray, 252 Va. 356, 361, 478 S.E.2d 542, 546 (1996).

8

For these reasons, we will reverse the judgment of the Court of Appeals and reinstate the circuit court's judgment on the abduction conviction.

<u>Reversed and final judgment.</u>