COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee


WILLIAM TED WADE

MEMORANDUM OPINION[*] BY
v.    Record No. 1790-00-3          JUDGE G. STEVEN AGEE
                                     FEBRUARY 26, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

(Timothy W. Allen, on brief), for appellant.
Appellant submitting on brief.

(Mark L. Earley, Attorney General; Linwood T.
Wells, Jr., Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


     William Ted Wade (Wade) was convicted in a jury trial of

three counts of distribution of cocaine.  On appeal, Wade

contends the trial court erred in refusing to grant his motion

for a new sentencing hearing.  He contends he was entitled to a

new sentencing hearing because the jury was not instructed that

parole had been abolished in Virginia.  We disagree and affirm

the trial court's denial of the motion for a new sentencing

hearing.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Background

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

On May 10, 2000, a Franklin County jury found Wade guilty of three counts of distribution of cocaine. The jury was not instructed that Wade would not be eligible for parole. Wade did not submit an instruction relating to his parole eligibility for the court's consideration; he did not object to the instructions given by the trial court, and the jury made no inquiry to the trial court regarding the effect of parole or any other issue, which might affect the sentence imposed. After its sentencing deliberations, the jury recommended a sentence of twenty years and a $50,000 fine on each count.

Wade subsequently moved the trial court for the preparation of a pre-sentence report. The trial court granted the motion and set the formal sentencing for June 23, 2000. Two weeks prior to Wade's formal sentencing, the Supreme Court of Virginia rendered its decision in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), on June 9, 2000. At his June 23, 2000 appearance for formal sentencing, Wade moved for a new sentencing hearing alleging the jury was not instructed that parole had been abolished in the Commonwealth as required by Fishback. The trial court continued sentencing to June 29,

-

2000, to consider the motion.  On the 29th, the trial court overruled Wade's motion and imposed the jury's recommended sentence.

## II.  Analysis

Wade contends on appeal that the trial court erred in refusing to grant his motion for a new sentencing hearing.  He argues the jury must be instructed on the abolition of parole since his case was not yet final when the Supreme Court decided Fishback.  On that basis, Wade argues his entitlement to the jury instruction did not require counsel to timely request such an instruction or the jury inquiring as to the possibility of parole.  We disagree and find Wade's ultimate issue on appeal to be procedurally barred.  See Commonwealth v. Jerman, 263 Va. 88, 556 S.E.2d 754 (2002).

In Jerman, the defendant did not request a jury instruction on the abolition of parole or object to the instructions given at trial.  The jury during its deliberations, however, submitted to the trial court the following inquiry regarding parole:  "At what point in a sentence will the defendant be subject to parole?  In other words, what are the parameters for parole eligibility?"  By agreement of the parties, the trial court instructed the jury, pursuant to the law in effect on the date of trial, as follows:

> You have found the defendant guilty of
> murder in the second degree and abduction.
> You should impose such punishment as you

-

feel is just under the evidence and within
the instructions of the Court.  You are not
to concern yourselves with what might happen
afterwards.

After the sentencing hearing, counsel for the defendant
asserted that the jury's concern whether Jerman would be
eligible for parole prejudiced its sentencing deliberations.
Counsel contended that the jury's inquiries demonstrated it
assumed parole and felt the defendant was deserving of less than
the sentences it determined.  The trial court imposed the
sentences the jury determined.

Jerman appealed his conviction to this Court.  We vacated
the defendant's sentence and remanded the case to the trial
court for a new sentencing proceeding, holding that the trial
court had erred in failing to instruct the jury on the abolition
of parole, citing Fishback.  The Commonwealth appealed to the
Supreme Court.

The Supreme Court reversed our decision, finding a
challenge to the lack of a jury instruction on the abolition of
parole to be procedurally barred by its Rule 5:25.  Id. at 94,
556 S.E.2d at ____.  It held that its decision in Fishback, for
a jury to be instructed on the abolition of parole, does not
circumscribe the application of procedural rules.  Id.  For a
defendant to maintain the right to appeal a trial court's jury
instructions or its failure to properly instruct the jury, a
defendant is required to state any objections to the trial

-

court's instruction and to ask the court for any other instructions on the subject that he deems necessary.  Id. at 94, 556 S.E.2d at ___.

In light of the Supreme Court's decision in Jerman, we find Wade's challenge to the lack of a jury instruction on the abolition of parole to be procedurally barred pursuant to Rule 5A:18.

It is clear from the record that Wade failed to request any jury instruction regarding parole or to object to the instructions given at trial.  We, therefore, are barred from considering the issue of whether the trial court erred in not instructing the jury on the abolition of parole.

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

Rule 5A:18.  "Under Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice."  Phoung v. Commonwealth, 15 Va. App. 457, 463, 424 S.E.2d 712, 716 (1992).

> The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when

-

> necessary.  The rules promote orderly and
> efficient justice and are to be strictly
> enforced.

Redman v. Commonwealth*,* 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  "[T]he ends of justice exception is narrow and is to be used sparingly."  Brown v. Commonwealth*,* 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred."  Redman*,* 25 Va. App. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth*,* 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Wade makes no argument on the application of Rule 5A:18 or the ends of justice exception.  We see no basis to apply the ends of justice exception to this appeal.

A trial court, generally, does not have the affirmative duty to instruct the jury, sua sponte, on a legal principle when the parties fail to request such instruction and the jury does not evidence a need to be instructed.  Fishback does not amend this practice.

For these reasons, we find this appeal procedurally barred, and the trial court's denial of the motion for a new sentencing hearing is affirmed.

Affirmed.

-