COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


AMPAZZIO WALLETI WARREN, S/K/A
 AMPAZZO WARREN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2831-00-3           JUDGE G. STEVEN AGEE
                                        APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

            William R. Light for appellant.

            (Randolph A. Beales, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Ampazzio Walleti Warren (Warren) was convicted in a jury

trial of possession of cocaine with the intent to distribute, in

violation of Code § 18.2-248, possession of a firearm while

simultaneously in possession of cocaine, in violation of Code

§ 18.2-308.4, and carrying a concealed weapon, second offense,

in violation of Code § 18.2-308.  On appeal, Warren contends the

trial court erred in failing to instruct the jury that parole

had been abolished.  We find no error by the trial court and

affirm Warren's sentence.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Background

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

A Danville jury found Warren guilty of possession of cocaine with the intent to distribute, possession of a firearm while simultaneously in possession of cocaine and carrying a concealed weapon.  During the penalty phase of the trial, the jury was not instructed that parole had been abolished in Virginia and, therefore, Warren would not be eligible for parole.  Warren did not submit a jury instruction relating to parole eligibility for the court's consideration, and he did not object to the jury instructions given by the trial court.

Shortly after jury deliberations began, the jury submitted a written inquiry to the trial court, which the trial judge answered to the jury as follows:

> [W]hat percentage of the sentence must be served?  The response to that question is that you are not to concern yourself with what may happen to the defendant, after he has been sentenced.

Warren did not object to the trial judge's reply to the jury's inquiry, nor did he request that the jury be instructed that parole had been abolished.

-

II.  Analysis

Warren contends on appeal that the trial court erred in failing to instruct the jury on the abolition of parole.  He argues he was entitled to a jury instruction on the abolition of parole pursuant to Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).  We disagree and find Warren's issue on appeal to be procedurally barred.  See Commonwealth v. Jerman, 263 Va. 88, 556 S.E.2d 754 (2002).

In Jerman, the defendant did not request a jury instruction on the abolition of parole or object to the instructions given at trial.  Also, as in the case at bar, the Jerman jury submitted an inquiry regarding parole to the trial court:  "At what point in a sentence will the defendant be subject to parole?  In other words, what are the parameters for parole eligibility?"  By agreement of the parties, the trial court instructed the jury, pursuant to the law in effect on the date of trial, as follows:

> You should impose such punishment as you
> feel is just under the evidence and within
> the instructions of the Court.  You are not
> to concern yourselves with what might happen
> afterwards.

The trial court imposed the sentences the jury determined.

Jerman appealed his convictions to this Court, citing Fishback.  We vacated the defendant's sentences and remanded the case to the trial court for a new sentencing proceeding, holding

-

that the trial court had erred in failing to instruct the jury on the abolition of parole.

The Supreme Court reversed our decision, finding a challenge to the lack of a jury instruction on the abolition of parole to be procedurally barred by its Rule 5:25. Id. at 93-94, 556 S.E.2d at 757. It held that its decision in Fishback does not circumscribe the application of procedural rules. Id. at 94, 556 S.E.2d at 758. For a defendant to maintain the right to appeal a trial court's jury instructions or its failure to properly instruct the jury, a defendant is required to state his objections to the trial court's instruction and to ask the court for any other instructions he deems necessary. Id. at 94, 556 S.E.2d at 757-58.

It is clear from the record that Warren failed to request any jury instruction regarding parole or to object to the instructions given at trial. We, therefore, are barred by Rule 5A:18 from considering the issue of whether the trial court erred in not instructing the jury on the abolition of parole.

"Under Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice." Phoung v. Commonwealth, 15 Va. App. 457, 463, 424 S.E.2d 712, 716 (1992). "[T]he ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). "In order to avail

-

oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Warren has made no showing that a miscarriage of justice has occurred in this case. In view of the clear and unequivocal decision by the Supreme Court in Jerman under Rule 5:25, we see no basis to apply the ends of justice exception to this appeal.

For these reasons, we find this appeal procedurally barred, and Warren's sentences are affirmed.

Affirmed.

-