COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Elder and
         Senior Judge Coleman
Argued at Salem, Virginia


GEORGE LINCOLN HOPKINS, JR.
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 0208-02-3      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF HENRY COUNTY
                      David V. Williams, Judge

          S. Jane Chitton, Appellate Defender (Public
          Defender Commission, on briefs), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     A jury convicted George Lincoln Hopkins, Jr. (appellant) of

second-degree murder in violation of Code § 18.2-32.  The trial

court sentenced appellant to forty years' imprisonment, in

accordance with the jury verdict.  On appeal, appellant contends

the trial court erred in its response to a jury question about the

possibility of parole.  For the reasons that follow, we affirm.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed the evidence proved that on the night of March 19, 2001 after an argument, appellant killed his drinking companion, Larry Bennett. Appellant did not dispute the killing, but argued only that the Commonwealth could not prove the premeditation necessary to support a conviction for first-degree murder.

At trial, neither the Commonwealth nor appellant requested a jury instruction about the possibility of parole. While the jury deliberated on the issue of guilt, it sent two questions to the trial court. The jury questions were: (1) "What is the sentence for 2nd [sic] degree murder?" and (2) "What is the possibility of parole for 2nd [sic] degree murder?" After conferring with both the Commonwealth's Attorney and appellant's counsel, the trial court instructed the jury that the sentence for second-degree murder was five to forty years. On the parole question, the trial court met in chambers with both counsel before answering the jury. During that meeting, the Commonwealth's Attorney suggested an instruction, and appellant agreed. The discussion between counsel was as follows:

> COMMONWEALTH: I think [the jury] ought to be told what the sentencing range for murder two is—and the parole.
>
> DEFENSE COUNSEL: I don't argue with that.
>
> COURT: Okay. Let's see. What is it—five to forty?

-

COMMONWEALTH:  It is five to forty—easy; no fine.  Parole possibility:  is eligible for parole after eighty five percent.

DEFENSE COUNSEL:  I agree.

After all the parties agreed to the information to be given to the jury, the trial court sent the following written answer to the jury:  "Parole has been abolished in Virginia.  The defendant will have to serve at least 85% of any sentence he may receive."  The jury convicted appellant of second-degree murder and recommended a sentence of forty years.

The sole question presented on appeal is whether the trial court's answer to the jury question about parole was error.[1]  Appellant contends that the trial court had an affirmative duty to give the jury an answer that comported with the rule set forth in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).  The Commonwealth responds that appellant waived any complaint about the answer the trial court gave when he failed to object or proffer a correct statement of the law.  We agree with the Commonwealth and hold that appellant's assignment of error is waived.  See Rule 5A:18.  The ends of justice do not compel a different result.

The instant case is indistinguishable from, and therefore controlled by, Commonwealth v. Jerman, 263 Va. 88, 556 S.E.2d 754 (2002).  In Jerman, the instruction complained of was given

_____

[1]  Appellant never proffered what he believed to be a correct answer either at trial or on appeal.

-

by "agreement of the court, the Commonwealth's attorney, and counsel for Jerman."  Id. at 90, 556 S.E.2d at 755.  The Supreme Court held that Jerman's failure to "state a timely objection to the circuit court's instruction" barred him from challenging the instruction on appeal.  Id. at 94, 556 S.E.2d at 757.  The same situation presents itself here.  Appellant neither objected to the response the trial court gave the jury nor offered an alternative response for the trial court to consider.  Indeed, the record shows that appellant agreed with the Commonwealth's proposed answer, which is the one the trial court adopted.

"[Appellant's] failure to proffer a parole eligibility instruction and his failure to object to the trial court's instruction in response to the jury's inquiry mentioned above precludes us from addressing the merits of this assignment of error."  Cherrix v. Commonwealth, 257 Va. 292, 311, 513 S.E.2d 642, 654 (1999).  "[Appellant's] counsel was required to state any objection to the circuit court's instruction and to ask the court for any other instruction on the subject that he deemed necessary."  Jerman, 263 Va. at 94, 556 S.E.2d at 757-58.  Appellant failed to make any objection or to offer an alternative or additional instruction.  To the contrary, appellant affirmatively accepted the answer the trial court gave.  Accordingly, the judgment of the trial court is affirmed.

                                                    Affirmed.

-