AGEE, J.
concurring.
I agree with the majority opinion, but write separately because I would also hold Rule 5A:18 bars the issue first raised on appeal that seating juror Sorto would erode public confidence in the integrity of criminal trials.
“No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” Rule 5A:18 (emphasis added). “The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.” Ohree v. Commonwealth, 26 Va.App. 299, 307, 494 S.E.2d 484, 488 (1998). When such specific objections have not been made, this Court will not consider an argument on appeal which was not presented to the trial court. Id. at 308, 494 S.E.2d at 488 (citing Jacques v. Commonwealth, 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991)). This rule also applies to constitutional claims. Id. (citing Deal v. Commonwealth, 15 Va.App. 157, 161, 421 S.E.2d 897, 900 (1992)).
At no time did Samudio-Perez raise for the trial court’s consideration the argument he makes on appeal that “the relationship between Detective Moore and Juror Sorto is of the sort that creates the perception that the integrity of the process is at stake.” He cites Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), as the foundation for his new appellate claim although he failed to present that case (or any other) to the trial court.[6]
*660 Samudio-Perez’s failure to raise this argument at trial forecloses his ability to raise the claim for the first time on appeal. Further, Samudio-Perez has cited no “good cause” for his failure to raise the issue or proffered any reason as to why the ends of justice exception should apply. Therefore, the application of Rule 5A:18 should dispose of SamudioPerez’s appeal on this issue.
The Supreme Court of Virginia has rendered several recent decisions where new trials were ordered because a juror was inappropriately seated. See Barrett v. Commonwealth, 262 Va. 823, 553 S.E.2d 731 (2001); Medici, 260 Va. 223, 532 S.E.2d 28; Cantrell v. Crews, 259 Va. 47, 523 S.E.2d 502 (2000). The Supreme Court found in these cases the trial court had abused its discretion in the seating of the juror in question because seating that juror would cause “public confidence in the integrity of the process” to be diminished. However, none of these cases address whether the appellant raised the issue of “public confidence and the integrity of the process” at trial or whether the opposing party argued the application of Rule 5:25.[7]
I do not read our recent decision in Patterson v. Commonwealth, 39 Va.App. 658, 576 S.E.2d 222 (2003), to void the application of Rule 5A:18 when a “Medici” claim is made.[8] In Patterson, a panel of this Court found a Medici claim was not procedurally barred by Rule 5A:18. The ratio decidendi of the panel opinion was not that Cantrell and its progeny established, as a matter of law, the inapplicability of Rule 5A:18 when a “public confidence” claim is raised for the first time on appeal. Instead, based on the facts in the record of that case, the Patterson panel held that although the “appellant did not specifically use the words ‘public confidence’ at trial, he did ask the court to strike the juror for cause, based on his *661 relationship with the Orange County Sheriffs Department and the information he received from them.” 39 Va.App. at 666, 576 S.E.2d at 226.
This finding in Patterson represents a determination that the appellant in that case sufficiently raised the issue in the trial court so as to vitiate the application of Rule 5A:18. It was not a holding that a Medici claim cannot be procedurally barred as a matter of law.
The Supreme Court of Virginia has consistently affirmed in evaluating error in the seating of a juror, that “As an appellate court, we must defer to a trial court’s ruling on the issue of whether to retain or excuse a prospective juror for cause and that ruling will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion.” Barrett, 262 Va. at 826, 553 S.E.2d at 732 (citing Medici, 260 Va. at 227, 532 S.E.2d at 30); see also Cantrell, 259 Va. at 50, 523 S.E.2d at 504; Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999). While “public confidence in the integrity of the process is one of the elements a trial court should consider when deciding whether a juror should be struck for cause,” Barrett, 262 Va. at 826-27, 553 S.E.2d at 733, nothing in that maxim contradicts or overrides the obligation of a party to raise that issue in the trial court and not for the first time on appeal.
To the contrary, the Supreme Court has repeatedly reiterated the primacy of Rule 5:25. For example, in Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994), a case involving Batson objections to the exclusion of certain persons on the basis of race from the venire, Buck’s “failure to raise these arguments before the trial court precludes him from raising them for the first time on appeal.” Id. at 452-53, 443 S.E.2d at 416 (citing Rule 5:25). Similarly, the failure to request that the trial court give an instruction to the jury on the abolition of parole pursuant to Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), cannot be raised for the first time on appeal. Commonwealth v. Jerman, 263 Va. 88, 556 S.E.2d 754 (2002). The Court specifically noted *662 “the consistent application of Rule 5:25 advances the rule’s purpose of avoiding unnecessary reversals and trials.” Id. at 93, 556 S.E.2d at 757.
While “public confidence in the integrity of the process” is an important consideration, it is of no higher rank than the assertion of racial prejudice in the selection of jurors under Batson or in the fair instruction of the jury for sentencing through their knowledge of the abolition of parole under Jerman. We open a Pandora’s box of subjective hindsight if appellate review of juror selection is based on first-time, post-trial conjecture as to what does or does not constitute appropriate “integrity of the process” to a majority of the appellate court hearing the argument years after the fact.
Accordingly, I would also affirm the ruling of the trial court, denying Samudio-Perez’s motion for a mistrial, because his Medici argument on appeal is barred from consideration under Rule 5A:18.

. Medici was released June 9, 2000. Samudio-Perez’s trial was sixteen months later, October 24, 2001.

. For present purposes, I assume Rules 5:25 and 5A:18 are interchangeable and what is said in application to one applies to the other.

. By Medici claim, I mean the assertion that the seating of a juror was error because the juror’s presence would cause public confidence in the integrity of the judicial system to be diminished.