COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Lorish

WAKEEL ABDUL-SABUR

v.      Record No. 0210-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 14, 2023

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

(Wakeel Abdul-Sabur, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Wakeel Abdul-Sabur challenges the order of the trial court denying his post-conviction

motion for resentencing.  After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

A jury convicted Wakeel Abdul-Sabur of two counts of grand larceny in 1998.  By final

order entered on April 1, 1999, the trial court sentenced Abdul-Sabur to a total of ten years of

imprisonment with three years and nine months suspended.  A judge of this Court denied

Abdul-Sabur's appeal by order entered on September 13, 1999.  *See Abdul-Sabur v.

Commonwealth*, No. 0904-99-2 (Sept. 13, 1999) (order).  The record does not reflect any further

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

appeal; however, Abdul-Sabur has filed various post-conviction motions attacking his convictions and sentence.

On June 23, 2021, Abdul-Sabur filed a motion for resentencing in the trial court, alleging that recent amendments to Code § 19.2-295.1 and the Supreme Court's holding in *Fishback v. Commonwealth*, 260 Va. 104 (2000), entitled him to be resentenced on his 1999 convictions. By order entered on July 19, 2021, the trial court denied the motion and explained, "Having reviewed the latest amendments to Virginia Code § 19.2-295.1, the Court finds no provisions therein which would permit the Court to reconsider the Defendant's sentencing." Abdul-Sabur then appealed the trial court's order to this Court.

ANALYSIS

Abdul-Sabur argues on appeal that the trial court erred in denying his motion for resentencing because the "*Fishback* error" in his sentence was an error in the sentencing proceeding under Code § 19.2-295.1. Abdul-Sabur contends that he is entitled to resentencing under Code § 19.2-295.1 because the holding in *Fishback* means that his sentence was subsequently found invalid.

In *Fishback*, the Virginia Supreme Court held that "henceforth juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995 pursuant to Code § 53.1-165.1." 260 Va. at 115. The Supreme Court further stated, "In addition, because Code § 53.1-40.01 is in the nature of a parole statute, where applicable juries shall also be instructed on the possibility of geriatric release pursuant to that statute." *Id.* at 115-16.

Code § 19.2-295.1 provides, in pertinent part, as follows:

> If the sentence imposed pursuant to this section is subsequently set
> aside or found invalid solely due to an error in the sentencing
> proceeding, the court shall impanel a different jury to ascertain
> punishment, unless the defendant, the attorney for the

Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment.

Under Rule 1:1(a) of the Rules of the Supreme Court of Virginia, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)). Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

Here, Abdul-Sabur is not entitled to relief under Code § 19.2-295.1 or under the Supreme Court's holding in *Fishback*. The Supreme Court expressly held in *Fishback* that, because it announced "a new rule of criminal procedure," the holding was "limited prospectively to those cases *not yet final*" on the date it was announced, which was June 9, 2000. 260 Va. at 116 (emphasis added). As noted *supra*, the trial court's final order sentencing Abdul-Sabur was entered on April 1, 1999. This Court then denied Abdul-Sabur's petition for appeal on September 13, 1999, which was the last action on his appeal of the trial court's judgment. Therefore, *Fishback* simply does not apply to Abdul-Sabur's case, given that Abdul-Sabur's convictions became final many months *before* the Supreme Court's decision in *Fishback*.

In addition, the trial court correctly held that the amendments to Code § 19.2-295.1 do not contain any provisions that permitted the trial court to reconsider Abdul-Sabur's sentence many years after a final judgment was entered. To the contrary, the language upon which Abdul-Sabur relied "was already in the statute" at the time that Abdul-Sabur was originally sentenced in 1999. *Dobson*, 76 Va. App. at 526 n.1. That language does not provide an

exception to Rule 1:1, but instead provides a mechanism for resentencing after a sentence has been "set aside or found invalid solely due to an error in the sentencing proceeding." Code § 19.2-295.1. Here, Abdul-Sabur's sentence has not been set aside or found invalid by any error in the sentencing proceeding. Consequently, because Abdul-Sabur filed this motion well after 21 days from the entry of the final order, the trial court did not have jurisdiction to grant Abdul-Sabur the relief that he requested.

Moreover, we recently explained that "[t]o preserve a claim for *Fishback* relief, . . . the defendant must have raised a timely objection at trial to the court's failure to give" the abolition of parole instruction. *Dobson*, 76 Va. App. at 528 n.4 (citing *Commonwealth v. Jerman*, 263 Va. 88, 93-94 (2002)). The record before us on appeal does not indicate that Abdul-Sabur ever raised such an objection during his trial.

CONCLUSION

In short, the trial court correctly determined that it could not modify the 1999 sentencing order, and, therefore, we do not disturb the judgment of the trial court.

*Affirmed*.