**Lawrence LANDRY et al., Plaintiffs-Appellees,**

**v.**

**Richard J. DALEY et al., Defendants-Appellants.**

**No. 16886.**

United States Court of Appeals Seventh Circuit.

April 23, 1969.

Raymond F. Simon, Marvin E. Aspen, Ronald S. Cope, Chicago, Ill., for appellants.

Robert L. Tucker, Ellis E. Reid, Chicago, Ill., for appellees.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

PER CURIAM.

This complaint was brought by 19 individuals and an unincorporated association on behalf of themselves and "the class of all Negroes in the City of Chicago." In pertinent part, the complaint challenged the constitutionality of the Disorderly Conduct and Resisting or Interfering ordinances of the City of Chicago then in effect (Sections 193–1 and 11–33 of the Municipal Code of Chicago). On March 4, 1968, the district court filed an opinion and entered a declaratory judgment holding those ordinances unconstitutional on their face under the due process clause of the Fourteenth Amendment. A fortnight thereafter, the court entered an injunction restraining the defendants from future prosecutions for violations of those ordinances and "from further acts seeking to enforce the provisions of such ordinances." However, an accompanying opinion explained that the injunction did not cover any prior pending prosecutions that involved "hard core" activity. The opinion stated that as to pending prosecutions, the court would make *ad hoc* determinations as to whether there was probable cause for prosecution for such activity.

This appeal from the March 4th judgment invalidating the two ordinances and from the March 18th injunction was filed on April 1, 1968.

On March 26, 1968, both ordinances were repealed and narrower ordinances, not involved in this litigation, were substituted therefor effective April 13, 1968.

We are advised that subsequent to the entry of the March 18th injunction, the district court made *ad hoc* determinations as to the named plaintiffs and anyone else claiming to be aggrieved by prosecutions under the old ordinances. Appellants have advised us of no other injunctions.* All plaintiffs had either already submitted voluntarily to prosecution or had their cases dropped, thus mooting them, or were found to be "hard core" violators not entitled to relief under the March 4th judgment. Apparently because no plaintiffs remained who were entitled to relief, the district court purported to dismiss the cause with prejudice and without costs on January 7, 1969, thus showing that no relief remained to be granted under the March 4th judgment.

Insofar as we are advised, no properly aggrieved plaintiffs stand to be convicted if we reverse, and no "hard core" violators will escape without punishment if we affirm. Because of the passage of the two new ordinances effective April 13th, the district court's injunction has ceased to have any continuing effect except as to persons who were or would have been charged with violating the former ordinances between the March 4th judgment and the April 13th repeal. The district court's opinion accompanying its injunction relied on the availability to the police of 52 more narrowly drawn ordinances. Since appellants have not advised us to the contrary, anyone in this category arrested between March 4th and April 13th was presumably charged under one or more of those ordinances. On the present state of the record, this controversy appears to have become moot, and the appeal is accordingly dismissed.

---

\* It appears from the record on file in this Court and from those on file with the district court that subsequent to the filing of the appeal, one Reverend Richard Lawrence intervened below and obtained an injunction against prosecution under the challenged ordinances. However, pursuant to the district court's March 18th opinion, this injunction was based on a lack of probable cause for prosecution rather than on the declaration of unconstitutionality of the ordinances. Moreover, it appears that no appeal was taken from this action and that the prosecution of Rev. Lawrence was subsequently dropped by the City.