432 F.2d 1072
 UNITED STATES of America ex rel. Richard LAWRENCE,
Petitioner-Appellant,
v.
Joseph I. WOODS, Sheriff of Cook County, Illinois, and
Winston M. Moore,Warden of the Cook County Jail,
Respondents-Appellees.
 No. 18169.
 United States Court of Appeals, Seventh Circuit.
 Oct. 19, 1970.
 
 John M. Bowlus, Sheli Z. Rosenberg, Chicago, Ill., for petitioner-appellant.
 Edward V. Hanrahan, State's Atty., County of Cook, Chicago, Ill., for respondents-appellees; Robert A. Novelle, Joseph H. Romano, Asst. State's Attys., of counsel.
 Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.
 SWYGERT, Chief Judge.
 
 
 1
 This is an appeal from a denial of a petition for a writ of habeas corpus filed under the provisions of 28 U.S.C. 2254. Two questions are presented: (1) whether the case has been mooted, and (2) if not, whether a state appellate tribunal is bound by a prior federal court decision holding a municipal penal ordinance unconstitutional.
 
 
 2
 The petitioner, Richard Lawrence, was found guilty by a jury in the Circuit Court of Cook County of interfering with the duties of a police officer in violation of Section 33, Chapter 11 of the Municipal Code of Chicago.[1] As a consequence, petitioner was fined $100.
 
 
 3
 While petitioner's appeal in the Supreme Court of Illinois was pending the District Court for the Northern District of Illinois, in an unrelated declaratory judgment action, held that the ordinance was unconstitutional and void on its face as repugnant to the federal Constitution. Landry v. Daley, 280 F.Supp. 968 (1967).[2]
 
 
 4
 Subsequently, the Supreme Court of Illinois affirmed petitioner's conviction, Chicago v. Lawrence, 42 Ill.2d 461, 248 N.E.2d 71 (1969), without referring to the federal court's prior declaration of invalidity of the ordinance. Thereafter, petitioner sought an appeal in the Supreme Court of the United States. The Court dismissed the appeal and, treating the jurisdictional statement as a petition for writ of certiorari, denied certiorari. Lawrence v. Chicago, 396 U.S. 39, 90 S.Ct. 263, 24 L.Ed.2d 208 (1969).
 
 
 5
 The case was remanded to the circuit court, and petitioner, having refused to pay the $100 fine, was placed in the custody of the sheriff of Cook County and confined in the House of Correction, there to serve the fine at a rate of $5.00 per day. Following his confinement, petitioner filed a habeas petition in the federal district court. The petition was denied. While an appeal from the denial was pending in this court, petitioner, having served the requisite time in jail, was discharged from custody.
 
 
 6
 * Although the question is not completely free from doubt, petitioner's satisfaction of the penalty assessed against him does not moot the issue raised in the habeas petition. Respondents argue that Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 10 L.Ed.2d 554 (1968), is not controlling, since that case concerned a felony conviction, and that the holding in that case should not be extended to convictions for minor offenses relating to misdemeanors and municipal penal ordinances. In Carafas the Supreme Court held that even though a prisoner's sentence expired before an application for habeas corpus had finally been adjudicated, jurisdiction of the application was not terminated. The Court reasoned that because of the "disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' * * * On account of these 'collateral consequences,' the case is not moot.' 391 U.S. at 237-238, 88 S.Ct. at 1559.
 
 
 7
 In Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), the Supreme Court dealt with the question of mootness in a case concerning a misdemeanor. There the prisoner had been released from custody during the pendency of a direct appeal in the state court. The Supreme Court held that the case was not moot, saying:
 
 
 8
 Many deep and abiding constitutional problems are encountered primarily at a level of 'low visibility' in the criminal process-- in the context of prosecutions for 'minor' offenses which carry only short sentences.
 
 
 9
 The Court thus acknowledged (in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957)) the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences. The mere 'possibility' that this will be the case is enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.' 392 U.S. at 52, 55, 88 S.Ct. at 1898.
 
 
 10
 The Court concluded that 'a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.' 392 U.S. at 57, 88 S.Ct. at 1900.
 
 
 11
 We see no reason why the question of mootness should be treated any differently in habeas corpus proceedings from direct appeals. Accordingly, the rationale developed in Carafas and Sibron must be applied in this case.
 
 
 12
 The respondents maintain that the possible legal consequences flowing from a conviction of a municipal ordinance are nonexistent. We are unable to agree. The State of Illinois recently enacted a statute permitting anyone who has been charged with an ordinance violation or a misdemeanor and who is subsequently acquitted or released without conviction to petition to have the record of his arrest expunged if he has never previously been convicted of any criminal offense or ordinance violation.[3] This statute itself is sufficient recognition of the potential 'disabilities or burdens' which may flow from such a conviction. Since the statute applies only to those who have not previously been convicted of criminal offenses, including municipal ordinance violations, the denial of the statute's benefits is a consequence and disability suffered by those who have a prior record of a municipal ordinance violation. Petitioner's interest in voiding his present conviction so that he might take advantage of this Illinois procedure is itself sufficient to render a finding of mootness improper.
 
 II
 
 13
 The sole reason assigned by petitioner for the issuance of a writ is that the Supreme Court of Illinois failed to follow, under the supremacy clause, the federal district court's ruling in Landry v. Daley that the interference ordinance is constitutionally void on its face.
 
 
 14
 Although we have found no federal court decisions dealing directly with the point, state appellate courts on occasion have discussed the effect of lower federal court decisions on subsequent cases arising in state courts. For example, the Supreme Court of New Jersey in State v. Coleman, 46 N.J. 16, 214 A.2d 393, 402, 403 (1965), declining to follow an earlier holding of the Third Circuit in a different case which involved an identical question of law, said that although it recognized that the United States Supreme Court 'is the final arbiter on all questions of federal constitutional law,' the court of appeals holding 'is not binding on us in other cases which came before us in the exercise of our acknowledged State jurisdiction.' The Court added: 'In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same position; there is a parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court.' The court then cited a number of decisions from various state jurisdictions supporting this principle. Included among them is Iowa Nat. Bank v. Stewart, 214 Iowa 1229, 232 N.W. 445, 454 (1930). There the Supreme Court of Iowa stated:
 
 
 15
 The federal Circuit Courts of Appeals and, in respect to federal law, the state courts of last resort are subject to the supervisory jurisdiction of the Supreme Court of the United States. They are, however, as to the laws of the United States, co-ordinate courts. Finality of determination in respect to the laws of the United States rests in the Supreme Court of the United States. Until the Supreme Court of the United States has spoken, state courts are not precluded from exercising their own judgment upon questions of federal law. They are not concluded by, though they should give respectful consideration to, the decisions of the federal Circuit Courts of Appeals and District Courts.
 
 
 16
 Although some tribunals have held that decisions of lower federal courts are conclusive on state courts, e.g., Handy v. Goodyear Tire & Rubber Co., 230 Ala. 211, 160 So. 530 (1935), Kuchenmeister v. Los Angeles & S.L.R., 52 Utah 116, 172 P. 725 (1918), we are persuaded that the view expressed by the New Jersey and Iowa appellate courts is the correct one.
 
 
 17
 The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal. On the other hand, because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts.
 
 
 18
 Of course in a given factual setting when a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process. But that is not the situation here. The district court's declaration that the interference ordinance is unconstitutional was made in an unrelated case and at a time when petitioner's appeal from his conviction was pending in the Supreme Court of Illinois. In these circumstances, we hold that the federal court's ruling was not binding on the state appellate tribunal.
 
 
 19
 The order of the district court denying the writ is affirmed.
 
 
 
 [1]
 Section 33, Chapter 11 of the Municipal Code of Chicago reads:
 Any person who shall resist any officer of the police department in the discharge of his duties, or shall in any way interfere with or hinder or prevent him from discharging his duty as such officer, or shall offer or endeavor to do so, and whoever shall in any manner assist any person in the custody of any member of the police force to escape or attempt to escape from such custody, or attempt to rescue any person in custody, shall be fined not less than ten dollars nor more than one hundred dollars for each offense.
 
 
 [2]
 The ruling was appealed by the City of Chicago; however, the appeal was dismissed because of mootness. 410 F.2d 551 (7th Cir. 1969)
 
 
 [3]
 Ill.Rev.Stat. Ch. 38, 206-5