Until the United States Supreme Court holds that hazardous waste (waste that the trial court found contained poisonous chemicals that can cause cancer, birth defects, genetic damage, blindness, crippling, and death) is an article of commerce protected by the Commerce Clause of the United States Constitution, I refuse to declare the additional fee provision of Act No. 90-326, which was duly enacted by the Alabama Legislature and approved by the Governor of Alabama, unconstitutional as violative of the Commerce Clause of the United States Constitution.
If the United States Supreme Court holds that waste containing poisonous chemicals that can cause cancer, birth defects, genetic damage, blindness, crippling, and death is an article of commerce protected by the Commerce Clause of the Constitution, then I am bound by that ruling under the Supremacy Clause of Article VI of the United States Constitution. Alabama lost that battle over 125 years ago; however, I do not believe that such waste *Page 1391 
is an article of commerce protected by the Commerce Clause, and I do not believe that the Alabama Supreme Court is bound by the decision of any other federal court on this issue. UnitedStates ex rel. Lawrence v. Woods, 432 F.2d 1072 (7th Cir. 1970), cert. denied sub nom, Lawrence v. Woods, 402 U.S. 983,91 S.Ct. 1658, 29 L.Ed.2d 148 (1971).
I can appreciate how Judge Phelps, a distinguished trial judge, could feel compelled to comply with a legal precedent of the 11th Circuit Court of Appeals, in the absence of an opinion on that point by this Court; however, " 'there is a parallelism but not paramountcy' " between the 11th Circuit Court of Appeals and this Court, " 'for both . . . courts are governed by the same reviewing authority of the [United States] Supreme Court.' " United States ex rel. Lawrence v. Woods, 432 F.2d at 1075, quoting the Supreme Court of New Jersey in State v.Coleman, 46 N.J. 16, 214 A.2d 393, 403 (1965), cert. denied,383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966).
 *Page 215