Michael S. Polsky, as receiver for
Communications Products Corporation,
Plaintiff-Respondent-Cross-Appellant,

v.

Daniel E. Virnich and Jack M. Moores,
Defendants-Appellants-Cross-Respondents.

Supreme Court

*No. 2007AP203. Oral argument January 7, 2009.
—Decided July 7, 2009.*

2009 WI 66

(Also reported in 769 N.W.2d 52.)

Roggensack, J., took no part.

For the plaintiff-respondent-cross-appellant there were briefs by *Robert J. Kasieta, Andrew J. Parrish,* and the *Kasieta Legal Group, LLC,* Madison, and oral argument by *Robert J. Kasieta.*

For the defendants-appellants-cross-respondents there were briefs by *Donald K. Schott, Valerie L. Bailey-Rihn, James Richgels,* and *Quarles & Brady LLP,* Madison, and *Jeffrey O. Davis* and *Quarles & Brady LLP,* Milwaukee, and oral argument by *Donald K. Schott.*

An amicus curiae brief was filed (in the court of appeals) by *Thomas J. Arenz* and *Whyte Hirschboeck Dudek SC,* Milwaukee, on behalf of Risk Management Association.

An amicus curiae brief was filed by *John E. Knight, James E. Bartzen, Kirsten E. Spira,* and *Boardman, Suhr, Curry & Field LLP,* Madison, on behalf of the Wisconsin Bankers Association, and oral argument by *John E. Knight.*

An amicus curiae brief was filed by *William Haus* and *Haus, Roman and Banks, LLP,* Madison, on behalf of the Sheet Metal Workers International Local Union No. 565.

¶ 1. PER CURIAM. The court is equally divided on whether to affirm or reverse the judgment of the circuit court. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks would affirm. Justice David T. Prosser, Jr., Justice

Annette Kingsland Ziegler, and Justice Michael J. Gableman would reverse. Justice Patience Drake Roggensack did not participate.

■

¶ 2.  When a certification or bypass results in a tie vote by this court, the better course of action is to vacate our decision to accept certification or bypass and remand the cause to the court of appeals. *State v. Richard Knutson, Inc.,* 191 Wis. 2d 395, 396–97, 528 N.W.2d 430 (1995) (remanding to court of appeals on a tie vote on certification); *State v. Elam,* 195 Wis. 2d 683, 684–85, 538 N.W.2d 249 (1995) (restating rule but declining to remand to court of appeals on a tie vote on bypass because court of appeals had previously decided issue).

■

¶ 3.  Accordingly, we vacate our order granting certification and remand to the court of appeals.

*By the Court.*—The order granting certification is vacated and the cause is remanded to the court of appeals.