Michael S. Polsky as receiver for
Communications Products Corporation,
Plaintiff-Respondent-Cross-Appellant-Petitioner,

v.

Daniel E. Virnich and Jack M. Moores,
Defendants-Appellants-Cross-Respondents.

Supreme Court

*No. 2007AP203.—Decided July 12, 2011.*

2011 WI 69

(Also reported in 804 N.W.2d 80.)

¶ 1. PER CURIAM. On September 22, 2010, the
court granted Michael S. Polsky's petition for review.
Justice Roggensack participated in the order. On Feb-

ruary 3, 2011, oral argument was held. Justice Roggensack participated in the oral argument. On March 2, 2011, the court issued its decision that affirmed the court of appeals based on a 3:3 decision of the participating justices.[1] *Polsky v. Virnich,* 2011 WI 13, 332 Wis. 2d 1, 800 N.W.2d 742. Justice Roggensack participated in the decision.

¶ 2.   On March 14, 2011, Polsky[2] moved the court "for an order reconsidering the Court's March 2, 2011 per curiam opinion, or alternatively, to vacate the decision as void." As grounds for the motion, Polsky asserted that because Justice Roggensack had not participated in this case when it was certified to the court in 2008 and when the court's July 7, 2009 decision remanded the matter to the court of appeals, *Polsky v. Virnich,* 2009 WI 66, 318 Wis. 2d 599, 769 N.W.2d 52, she should be disqualified by the court from participation in the per curiam decision issued March 2, 2011. The per curiam decision resulted in a 3:3 affirmance of the court of appeals. Polsky asks that the court "grant his motion to reconsider the March 2, 2011 per curiam decision or otherwise declare that decision void, and a new decision be issued by qualifying justices."

¶ 3.   In response to Polsky's motion, Daniel E. Virnich and Jack M. Moores (hereinafter Virnich), contend that Polsky's motion was not timely because Polsky waited almost six months after the petition for review had been granted, with Justice Roggensack participating; five and one-half weeks after oral argu-

---

[1] Justice Annette Kingsland Ziegler withdrew from participation after the petition for review was granted, but before oral argument was heard.

[2] An amicus curiae, Sheet Metal Workers International Local Union No. 565, supports Polsky's motion.

ment, with Justice Roggensack participating; and until after the court's decision that affirmed the court of appeals based on a 3:3 decision of the justices then participating. Virnich also points out that Polsky has identified no basis under Wis. Stat. § 757.19 requiring Justice Roggensack to conclude that she must withdraw and that decisions about whether to participate in any given case are for the individual justice to decide, not the court, citing *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 443 N.W.2d 662 (1989).

¶ 4. We have concluded that this court does not have the power to remove a justice from participating in an individual proceeding, on a case-by-case basis. *State v. Henley*, 2011 WI 67, ¶ 25, __ Wis. 2d __, 802 N.W.2d 175. We explained that our decision in regard to the scope of the court's power when asked to remove a justice on a case-by-case basis is consistent with the court's Internal Operation Procedures, IOP II.L.1., and that it is also "mirrors the way in which the United States Supreme Court addresses motions to disqualify a Supreme Court Justice." *Henley*, __ Wis. 2d __, ¶¶ 26–27. We also concluded that due process is provided by the decisions of the individual justices who decide to participate in the cases presented to the court. *Id.*, ¶¶ 13, 31. Accordingly, for the reasons stated more fully in *Henley*, we deny Polsky's motion to disqualify Justice Roggensack.

¶ 5. ANNETTE KINGSLAND ZIEGLER, J., did not participate.

¶ 6. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I dissent for the reasons set forth in the dissents in *State v. Allen*, 2010 WI 10, 322 Wis. 2d 372, 778 N.W.2d 863; in *State v. Henley*, 2011 WI 67, ___ Wis. 2d ___, 802

N.W.2d 175 (recusal motion); and in *State v. Henley,* 2011 WI 68, 335 Wis. 2d 559, 800 N.W.2d 418 (amicus reconsideration). I conclude that as a matter of federal and state constitutional due process the court must determine whether a party is denied due process when a justice refuses to recuse upon motion of a party.

¶ 7.   I am authorized to state that Justices ANN WALSH BRADLEY and N. PATRICK CROOKS join this dissent.