STATE of Wisconsin, Plaintiff-Appellant,

v.

Dimitri HENLEY, Defendant-Respondent.

Supreme Court

*No. 2008AP697–CR. Decided July 12, 2011.*

2011 WI 68

(Also reported in 800 N.W.2d 418.)

Order on motion to file non-party brief.

¶ 1.   On December 8, 2010, the court granted the motion of Yasmine Clark to file a non-party amicus brief in support of Henley's motion for reconsideration.

¶ 2.   On December 18, 2010, Yasmine Clark filed an amicus brief in support of Henley's motion for

reconsideration. Henley's motion for reconsideration has been denied. *See* per curiam of July 12, 2011.

¶ 3.   Upon review and discussion of the amicus brief, three justices, Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks, would grant the relief requested by the amicus. *See* attached writing by Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks.

¶ 4.   Upon review and discussion of the amicus brief, three justices, Justice David T. Prosser, Justice Annette Kingsland Ziegler, and Justice Michael J. Gableman, have concluded that the amicus brief should not have been accepted because it does not address any issue in the underlying motion for reconsideration, and thus, the motion to accept the amicus should have been denied. *See* attached writing by Justice Annette Kingsland Ziegler.

¶ 5.   The court is equally divided as to whether the relief requested by the amicus should be granted.

¶ 6.   Justice Patience Drake Roggensack withdrew from participation.

¶ 7.   SHIRLEY S. ABRAHAMSON, C.J., ANN WALSH BRADLEY, J., and N. PATRICK CROOKS, J. We disagree with Justice David T. Prosser, Justice Annette K. Ziegler, and Justice Michael J. Gableman that the motion to accept the amicus brief should now be denied.

¶ 8.   We stand by the full court's decision on December 8, 2010, to accept the amicus brief urging the court to reconsider footnote 29 in ¶ 75 of the majority opinion in *State v. Henley*, 2010 WI 97, 328 Wis. 2d 544, 787 N.W.2d 350. We should not now retroactively deny the amicus's motion to file a brief.

¶ 9. We would grant the relief requested by the amicus to revise footnote 29 in *State v. Henley* to clarify the *Henley* opinion.[1]

I

¶ 10. Yasmine Clark filed a motion on November 23, 2010, asking the court to accept an amicus brief in support of Henley's timely filed motion to reconsider the *Henley* opinion. Yasmine Clark, a minor who is asserting lead poisoning claims against a former manufacturer, asserts that footnote 29 in the *Henley* criminal case is affecting her pending civil lead paint case.

¶ 11. With all justices participating, the court granted Ms. Clark's motion on December 8, 2010. After the motion was granted and the amicus brief was filed, Justice Roggensack withdrew from participation in deciding Ms. Clark's grounds for reconsideration of the *Henley* opinion.

¶ 12. At the time of granting the amicus's motion to file a brief, the court was fully aware that the amicus was seeking revision of footnote 29 and the reasons for the request, that the amicus was not a party, and that the time for filing a motion for reconsideration had elapsed. No party to the *Henley* case objected to the amicus's request.

II

¶ 13. The duty of this court is to clarify the law, not to create more confusion. Here's an opportunity to help create clarity when we unintentionally may have caused confusion. Instead of taking this opportunity the

---

[1] "A motion for reconsideration may result in the court's issuing a corrective or explanatory memorandum to its opinion without changing the original mandate." Supreme Court Internal Operating Procedures II.J.

court rejects it, possibly creating more confusion and providing the opportunity for continued conjecture by litigants and other courts.

¶ 14. The amicus calls our attention to footnote 29, ¶ 75 of the *Henley* opinion, which states as follows:

> Finally, we note that this court's unwarranted expansion of its own powers through Article I, Section 9 has recently been checked. In *Gibson v. Am. Cyanamid Co.,* the Eastern District of Wisconsin held that this court's holding *Thomas v. Mallett,* 2005 WI 129, 285 Wis. 2d 236, 701 N.W.2d 523, which created a new remedy under Article I, Section 9, was arbitrary and irrational and violated the Fourteenth Amendment. *Gibson,* 2010 U.S. Dist. LEXIS 59378, slip op., *16–18 (E.D. Wis. June 15, 2010). Despite the dissent's broad description of our inherent authority, we simply do not have the authority to craft any remedy we want.

¶ 15. In its motion for leave to file an amicus brief, the amicus asks the court's revision of this footnote for the following reasons, which were amplified in the brief filed:

1. Nothing in *Henley*, a criminal case, implicates the *Thomas* case or lead paint poisoning or the risk contribution doctrine.

2. The footnote is pure dicta, that is, totally unnecessary to determine any issue in the *Henley* case.

3. Lead pigment manufacturers have relied on the footnote to imply that a majority of the court disfavors the risk contribution doctrine upon which Ms. Clark relies, notwithstanding that it has been a feature of Wisconsin law since 1984.[2]

---

[2] In a court filing, one manufacturer recited the holding of the federal district court and citing the *Henley* footnote stated: "The Wisconsin Supreme Court then noted the federal court's decision approvingly."

4. Lead pigment manufacturers have drawn the implication that the justices joining the *Henley* majority opinion would overturn the *Thomas* decision.[3]

5. Reading the *Henley* footnote as overturning the *Thomas* decision is unreasonable inasmuch as Justice Roggensack recused herself from *Thomas* and she would not join a footnote that overturned the *Thomas* decision.

6. The *Gibson* decision, a federal district court decision, is not binding on this court on a federal constitutional question.[4]

---

[3] In a court filing, another manufacturer, citing the *Henley* footnote, stated: "This State's Supreme Court recently acknowledged that the district court's holding in *Gibson,* albeit a Federal Court decision, has 'checked' the 'unwarranted expansion of its own powers through Article I, Section 9.'"

[4] *Elections Bd. Of State of Wis. v. Wis. Mfrs. & Commerce,* 227 Wis. 2d 650, 670 n.19, 597 N.W.2d 721 (1999) ("On federal questions, this court is bound only by the decisions of the United States Supreme Court."); *State v. Harris,* 199 Wis. 2d 227, 245 n.10, 544 N.W.2d 545 (1996) ("[A]lthough they may at times be informative, we are in no way bound by decisions of the federal circuit courts even if they are on all fours with the case before us."); *Thompson v. Village of Hales Corners,* 115 Wis. 2d 289, 307, 340 N.W.2d 704 (1983) (quoting with approval *United States ex rel. Lawrence v. Woods,* 432 F.2d 1072, 1075–76 (7th Cir. 1970): "[B]ecause lower federal courts [in contrast to the United States Supreme Court] exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts.").

The *Gibson* decision has been appealed to the United States Court of Appeals for the Seventh Circuit. *Gibson v. Am. Cyanamid Co.,* 750 F. Supp. 2d 998 (E.D. Wis. 2010).

In contrast to the *Gibson* decision, on April 5, 2011, Judge Lynn Adelman, a United States district court judge in the

563

¶ 16. We three were in the majority in the *Thomas* case. We three were in dissent in *Henley*. Obviously we would have written in dissent in *Henley* about footnote 29 had we thought the majority was overturning the holding of *Thomas,* commenting or casting doubt in a substantive manner on the holding of *Thomas,* or casting doubt on the risk contribution doctrine. We do not read footnote 29 as endangering the ruling of the *Thomas* lead paint case. Nevertheless, because the amicus motion (which was granted by the full court on December 8, 2010) and the amicus brief (which was filed on December 17, 2010) have demonstrated that this footnote can be misused, we would now delete the footnote or explain that this footnote does not overturn the rule of law set forth in the *Thomas* case.

¶ 17. For the reasons set forth, we would not now retroactively deny the amicus motion for relief, and we would now delete or modify footnote 29 as the amicus requests.

¶ 18. ANNETTE KINGSLAND ZIEGLER, J. Dimitri Henley (Henley), a party to *State v. Henley,* 2010 WI 97, 328 Wis. 2d 544, 787 N.W.2d 350, filed with this court a motion for reconsideration of our July 21, 2010, decision. Henley's motion for reconsideration has been denied. Yasmine Clark (Clark), a non-party, filed an amicus curiae brief in support of Henley's motion for reconsideration. Justice Prosser, Justice Gableman, and

---

Eastern District of Wisconsin, ruled that allowing the plaintiffs in four lead paint suits to proceed against defendant manufacturers does not violate the constitutional rights of the defendants. *See Burton v. Am. Cyanamid Co.* (Case No. 07–C-0303), *Owens v. Am. Cyanamid Co.* (Case No. 07–C-0441); *Stokes v. Am. Cyanamid Co.* (Case No. 07–C-0865); *Sifuentes v. Am. Cyanamid Co.* (Case No. 10–C-0075).

I conclude that this court should not have granted Clark's motion to accept her amicus curiae brief.

¶ 19. Clark is not a party to *Henley*. Instead, Clark is the plaintiff in a pending civil case before the Milwaukee County Circuit Court, *Clark v. 3738 Galena LLC*, No. 2006CV12653, in which she claims that several former manufacturers of white lead carbonate pigments are liable for her lead poisoning under a theory of risk-contribution. Clark herself acknowledges that "[t]he issues before the Court in *Henley* are totally unrelated to the *Clark* case or any other lead poisoning case proceeding on the basis of the risk contribution doctrine." Nevertheless, Clark seeks to use Henley's reconsideration motion as a forum for this court to amend a footnote in *Henley*, an unrelated, criminal matter, and thereby presumably impact Clark's pending case. Moreover, Clark seeks relief from this court without us having the benefit of hearing from the opposing side or any competing point of view. It is unprecedented for this court to unilaterally amend a decision as requested by a non-party who seeks relief in an unrelated, pending case, particularly when we have not heard from both sides on the issue. Accordingly, we respectfully decline to address the issue raised by Clark's amicus curiae brief.

¶ 20. For the foregoing reason, I respectfully submit this writing.

¶ 21. I am authorized to state that Justices DAVID T. PROSSER and MICHAEL J. GABLEMAN join this writing.